IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40912
Conference Calendar
_____

PHILLIP MCCAIN,

                                        Plaintiff-Appellant,

versus

HERBERT SCOTT, Warden, Beto I;
DELTON W. ATWOOD, Captain, Beto I;
ALFONSO CASTILLO, Captain, Beto I;
WELDON A. HODGE, Major, Beto I,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-662
- - - - - - - - - - -
December 10, 1997
Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     The district court dismissed Phillip McCain's, Texas inmate #622721, 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(g).  McCain appeals, but does not challenge the basis for the district court's dismissal.  This court will not raise and discuss legal issues that the appellant has failed to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

assert. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because McCain does not address on appeal the district court's reasons for dismissing the complaint, he has abandoned the only issue on appeal before this court. McCain's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2.

As noted by the district court in its order of dismissal, this is not the first complaint filed by McCain which has been dismissed as frivolous pursuant to § 1915(g). See McCain v. Scott, No. 6:96-CV-539 (E.D. Tex. June 25, 1996) (civil rights complaint dismissed by district court as frivolous; no appeal taken).

A prisoner may not

> bring a civil action or appeal a judgment in
> a civil action or proceeding under this
> section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or
> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

§ 1915(g). Including the dismissal of this suit by the district court and the dismissal of the appeal as frivolous by this court,

McCain has three strikes.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 386-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars McCain from proceeding further under § 1915.  He may pursue the merits of subsequent civil actions and appeals should he choose to pay the filing fee in full.  §§ 1911-14.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR ORDERED.